IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLAGSHIP WEST, LLC, et al.,<br><br>               Plaintiffs,<br><br>    vs.<br><br>EXCEL REALTY PARTNERS, L.P.,<br>et al.,<br><br>               Defendants. | No. CV-F-02-5200 OWW/DLB<br><br>ORDER CONTINUING ORAL ARGUMENT ON MOTIONS FOR ATTORNEYS' FEES FROM MONDAY, OCTOBER 22, 2007 TO MONDAY, DECEMBER 3, 2007 AND DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFS |

     Oral argument on the parties' respective motions for attorneys' fees is hereby continued from Monday, October 22, 2007 to Monday, December 3, 2007 so that the parties can file the supplemental briefs ordered herein.

     Defendant New Plan Excel Realty Trust, Inc.'s motion for attorneys' fees is based primarily on New Plan's contention that it is a prevailing party because New Plan's motion for judgment as a matter of law pursuant to Rule 50(a), Federal Rules of Civil Procedure, was granted on November 26, 2003 based on Section

22.25 of the Ground Lease.

In their supplemental opposition to New Plan's motion for attorneys' fees, Plaintiffs refer to the "Order re: Post Trial Election of Remedies; Defendants' Claimed Rescission Waiver Clause; Defendants' Claimed Damage Limitation Clause" filed on November 19, 2004 (Doc. 353) (November 19, 2004 Order):

> D.  <u>Rescission's Effect on Contractual Clauses</u>.
>
> Plaintiffs are correct in stating that rescission would void ordinary contractual clauses such as § 22.25.  Once a contract is rescinded, all its provisions cease to have effect.  See *Larsen v. Johannes*, 7 Cal.App.3d 491, 501 (Cal.Ct.App.1970)(citing *Lemle v. Barry*, 181 Cal.1, 5 (Cal.1919)) ('When a contract is rescinded, it ceases to exist. If the action to rescind or an action based on an alleged rescission or abandonment is successful, the contract is forever ended and its covenants cannot thereafter be enforced by any action').  In an unpublished state court opinion, an analogous question was posed: 'The issue presented is elemental –- may a defendant resist an action for rescission by relying on a liquidated damages provision of the contract the plaintiff is seeking to rescind?  The answer is equally simple –- no.'  *BTS, Inc. v. Sonitrol Corp. of Contra Costa*, ... 2002 WL 234889 (Cal.App. 1 Dist., Feb. 19, 2002)('rescinded contract is an extinguished contract meaning that it has ceased to exist and none of its provisions can be enforced by any party').
>
> ...
>
> G.  <u>Conclusion</u>
>
> ... In the event rescission is elected, § 22.25 cannot be enforced as rescission avoids enforceability of clauses of the Lease, including damage limitations.

1  **Plaintiffs contend that the Court appears to have inadvertently**
2  **overlooked this determination in entering Judgment for New Plan**
3  **following the election of rescission and award of rescission and**
4  **consequential damages.  Plaintiffs assert that the Court has the**
5  **inherent power to correct the Judgment pursuant to Rule 60(a),**
6  **Federal Rules of Civil Procedure, and further assert that the**
7  **election of rescission negates New Plan's contention that it is a**
8  **prevailing party.**

9  **Defendants have not filed a brief addressing these specific**
10 **contentions.  Because resolution of these issues may be of**
11 **critical importance to the resolution of the motions for**
12 **attorneys' fees, Defendants are ordered to file a supplemental**
13 **brief addressing these issues on or before Monday, November 5,**
14 **2007.  Plaintiffs' reply, if any, shall be filed on or before**
15 **Monday, November 19, 2007.**

16 IT IS SO ORDERED.

17 **Dated:   October 16, 2007**               /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE