1

2

3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLAGSHIP WEST, LLC, a California limited liability company, MARVIN G. REICHE, and KATHLEEN REICHE, | 1:02-cv-5200 OWW DLB |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO STRIKE AND PLAINTIFF'S REQUEST FOR ENTRY OF JUDGMENT OF RESCISSION AND FOR PREJUDGMENT INTEREST |
| v. | |
| EXCEL REALTY PARTNERS, L.P., a Delaware limited liability partnership, and NEW PLAN EXCEL REALTY TRUST, INC., a Maryland corporation, *et al.*, | (DOC. 523, 518) |
| Defendants. | |

## I.    INTRODUCTION

    Before the court are (1) Flagship West, LLC, Marvin G.

Reiche, and Kathleen Reiche's (together, "Plaintiffs") request

for entry of judgment of rescission and for prejudgment interest

(Doc. 518) and (2) Excel Realty Partners, L.P. and New Plan Excel

Realty Trust, Inc.'s (together, "Defendants") motion to strike

Plaintiffs' request for entry of judgment of rescission and

request for prejudgment interest (Doc. 523). Both motions are

opposed, and were heard May 23, 2011.

## II.    BACKGROUND

    On July 16, 1998, Defendants, owner of the Briggsmore Plaza

in Modesto, executed a 15-year lease with Flagship West, LLC

("Flagship"), whose only members are Marvin and Kathleen Reiche,

for the "exclusive right to operate a self service buffet style

1

family restaurant" in the Briggsmore Plaza. To construct the restaurant, Plaintiffs secured a 25-year, $2 million loan from The Money Store. Plaintiffs' restaurant, a Golden Corral franchise, opened on June 10, 1999. Approximately one year later, Defendant leased a space to another buffet style restaurant, Four Seasons, which opened in the Briggsmore Plaza directly across from Plaintiffs' restaurant. Plaintiffs contended that Four Seasons' location and operation in the Briggsmore Plaza breached the exclusivity provision in their lease, caused their restaurant to become unprofitable, and led to its failure and closure on April 1, 2001.

Plaintiffs sued Defendants for breach of contract, fraud, negligent misrepresentation, contract damages, and rescission. The case was tried before a jury beginning on November 12, 2003. Judgment as a matter of law was granted in favor of Defendant New Plan Excel Realty Trust, Inc. ("New Plan") and against Plaintiffs on November 23, 2003 on all Plaintiffs' claims against New Plan.

On December 3, 2003, the jury returned a verdict against Excel and in Plaintiffs' favor based on its determination that Excel materially breached an "exclusive use" provision of the lease, and awarded Plaintiffs $1,480,740 in contract damages. Entry of judgment was deferred to permit Flagship to elect (1) rescission and rescission damages or (2) damages for breach of contract. The court invoked judicial estoppel to prevent Excel

from asserting that § 4.5 of the lease barred rescission.

Plaintiffs elected to rescind the lease. By order dated November

14, 2006, Plaintiffs were awarded $2,142,175 in rescission

damages and denied prejudgment interest. Doc. 387, 28. Judgment

was entered December 14, 2006 (Doc. 390), and amended June 15,

2007 (Doc. 426).

Excel appealed the judgment to the Ninth Circuit. Plaintiffs

filed a cross-appeal to reverse the judgment as to New Plan and

modify the calculation of rescission damages. The Ninth Circuit

held:

> Consequently, we vacate the district court's judgment
> awarding rescission damages to Flagship and remand so that
> the district court may determine in the first instance
> whether the contract, in its entirety, allows for rescission
> and whether California law would give effect to the lease's
> limitations on remedies in these circumstances. We do not
> reach either party's claims related to the calculation of
> rescission damages and express no opinion on those claims.

*Flagship West, LLC v. Excel Realty Partners LP*, 337 Fed.Appx.

679, *681, 2009 WL 2015770 (9th Cir. 2009).

On remand, the primary issue was the interpretation of § 4.5

of the lease. Doc. 517. A memorandum decision and order dated

December 20, 2010 concluded that the lease, in its entirety,

allows for rescission and California law gives effect to

rescission of the lease under the totality of the circumstances

of the action. Doc. 517, 96.

1

2

### III. <u>DISCUSSION</u>

**A.   <u>Motion to Strike</u>**

Excel moves to strike Plaintiffs' request for entry of
judgment of rescission and request for prejudgment interest.
Excel contends that Plaintiffs' request for entry of judgment is
a defective application for reconsideration and must be stricken.
Plaintiffs rejoin that the rules regarding reconsideration are
inapplicable because the prior judgment was vacated.

Rule 12(f) provides that the court "may order stricken from
any *pleading* any insufficient defense or any redundant,
immaterial, impertinent, or scandalous matter." Fed. R. Civ. P.
12(f) (emphasis added). Plaintiffs' request for entry of judgment
is not a pleading. *See* Fed. R. Civ. P. 7(a) (defining a pleading
as "(1) a complaint; (2) an answer to a complaint; (3) an answer
to a counterclaim designated as a counterclaim; (4) an answer to
a crossclaim; (5) a third-party complaint; (6) an answer to a
third-party complaint; and (7) if the court orders one, a reply
to an answer."). Defendants' motion to strike is improper; the
proper means to challenge Plaintiffs' motion is an opposition.

Even if Defendants' motion to strike was proper, it is
meritless. "When a judgment has been rendered and later set aside
or vacated, the matter stands precisely as if there had been no
judgment. The vacated judgment lacks force or effect and places
the parties in the position they occupied before entry of

**4**

judgment." *Ditto v. McCurdy*, 510 F.3d 1070, 1077 and n.4 (9th Cir.

2007). The Ninth Circuit vacated the court's prior judgment,

rendering it without "force or effect." *Id.* Plaintiffs may move

for entry of judgment.

Excel's motion to strike is DENIED.

B. <u>Plaintiffs' Request for Entry of Judgment of Rescission
and for Prejudgment Interest</u>

1. <u>Propriety of Request</u>

Excel contends that Plaintiffs' request for prejudgment

interest and reconsideration of its prior orders exceeds the

Ninth Circuit's mandate:

> Consequently, we vacate the district court's judgment
> awarding rescission damages to Flagship and remand so that
> the district court may determine in the first instance
> whether the contract, in its entirety, allows for rescission
> and whether California law would give effect to the lease's
> limitations on remedies in these circumstances. We do not
> reach either party's claims related to the calculation of
> rescission damages and express no opinion on those claims.

*Flagship West, LLC v. Excel Realty Partners LP*, 337 Fed.Appx.

679, *681, 2009 WL 2015770 (9th Cir. 2009).

Excel asserts that the Ninth Circuit's instructions limit

the court's review to two specified issues: (1) whether the

contract, in its entirety, allows for rescission, and (2) whether

California law would give effect to the lease's limitations on

remedies in these circumstances. Plaintiffs rejoin that the Ninth

Circuit expressly declined to address the parties' dispute

regarding the calculation of damages, and neither the law nor

mandate forecloses further determinations regarding damages, including prejudgment interest.

Generally, "[a]lthough lower courts are obliged to execute the terms of a mandate, they are free as to anything not foreclosed by the mandate . . .." *Cassett v. Stewart*, 406 F.3d 614, 621 (9th Cir. 2005) (quoting *United States v. Kellington*, 217 F.3d 1084, 1092-93 (9th Cir. 2000). "The mandate is controlling as to all matters within its compass; however, any issue not expressly or impliedly disposed of on appeal may be considered by the trial court on remand." *Kearns v. Field*, 453 F.2d 349, 350 (9th Cir. 1972) (citations omitted). Federal Rule of Civil Procedure 37(b), however, requires that "[i]f the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest." Fed. R. Civ. P. 37(b).

Defendants cite *Planned Parenthood of the Columbia/ Williamette Inc. v. American Coalition of Life Activists*, 518 F.3d 1013 (9th Cir. 2008). In *Planned Parenthood*, the Ninth Circuit held that under Rule 37, when the Court of Appeals modifies or reverses judgment with the direction that a particular money judgment be entered on remand, and the mandate does not contain instructions about allowance of interest, the district court cannot enter judgment for a different amount or

grant interest. *Id.* at 1018. The *Planned Parenthood* court stressed that Rule 37 "governs *only* when our mandate 'modifies or reverses a judgment with a direction that a money judgment be entered in the district court.'" *Planned Parenthood*, 518 F.3d at 1019. It is inapplicable.

Defendants also cite *Newhouse v. Robert's Ilima Tours, Inc.*, 708 F.2d 436 (9th Cir. 1983). In *Newhouse*, the Ninth Circuit reversed the district court's award of costs plus interest on remand as beyond the scope of the Court of Appeal's mandate. *Id.* at 441-442 *Newhouse* is distinguishable because the Ninth Circuit asked the district court to clarify the basis of its damages award and to reconsider the attorney's fees award in light of another case. *See id.* Its mandate specifically discussed a money judgment and did not specify interest. *Id.*

Here, the Ninth Circuit vacated the original money judgment and remanded the case for consideration of two issues, but did *not* direct the entry of a money judgment. Rule 37(b) is inapplicable. *See Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 703 (9th Cir. 1996) ("Rule 37 is inapposite because we never directed that a money judgment be entered in the district court. To the contrary, we vacated the money judgment so the district court could reconsider its ruling."); *see also Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103-104 (2nd Cir. 2004) (holding that for Rule 37(b) to apply, there must be

some indication that the mandate is directing entry of a *particular* money judgment; Rule 37(b) did not apply to a mandate simply vacating the district court's judgment and remanding "for further proceedings in accordance with the opinion of this Court"). "When the court of appeals remands to the district court to determine the amount of a damages award, then the mandate does not direct the entry of a money judgment." *Planned Parenthood*, 518 F.3d at 1019. Here, the Ninth Circuit explicitly stated that they "do not reach either party's claims related to the calculation of rescission damages and express no opinion on those claims." *Flagship West, LLC v. Excel Realty Partners LP*, 337 Fed.Appx. 679, *681, 2009 WL 2015770 (9th Cir. 2009).

Plaintiffs' request for entry of judgment of rescission and request for prejudgment interest is proper.

        2.    <u>Calculation of Rescission Damages</u>

           a)    <u>Damages</u>

The court previously considered each component of Plaintiffs' requested damages, and made detailed findings regarding each component before entering judgment. Doc. 387. The court previously granted Plaintiffs $2,590,406 for damages in rescission, as follows:

| Awarded | Requested | Item |
|---|---|---|
| $1,239,030 | $1,270,252 | Construction Costs |
| $ 589,271 | $ 598,782 | Equipment Expenditures |
| $ 30,000 | $ 30,000 | Opening Inventory for Restaurant |
| $ 104,176 | $ 104,176 | Building & Related Fees |
| $ 30,000 | $ 30,000 | Franchise Fee |

| $    18,749 | $    18,749 | Training of Modesto Staff |
| $    27,956 | $    27,956 | Construction Interest |
| $   372,575 | $   372,575 | Rent Paid to Excel |
| $   186,394 | $   303,556 | Interest Paid After Opening |
| $         0 | $   548,111 | Interest on Money Store Loan |
| $         0 | $   186,903 | Business Losses |

Doc. 387, 28. Plaintiffs do not offer any new evidence or
arguments with respect to the components of rescission damages.
The court's analysis as to damages remains unchanged.

b)    Credits

In the vacated judgment, the court granted Defendants the
following credits to offset Plaintiffs' damages:

| Awarded | Requested | Item |
|---|---|---|
| ($ 434,716) | ($ 434,716) | Credit for Rent Paid/Owed to Excel |
| ($  10,000) | ($  10,000) | Credit for Rental Income Credit |
| ($  11,260) | ($  11,260) | Credit for Equipment Sale |

Doc. 387, 28. Although Plaintiffs did not previously dispute
Defendants' entitlement to these credits, Plaintiffs now contest
the $434,716 rental value offset.

As a general rule, when a vendee rescinds a contract
pursuant to California Civil Code § 1691, the vendor is entitled
to the "reasonable rental value of the land while it was in the
vendee's possession." *McCoy v. West,* 70 Cal.App.3d 295, 301, 138
Cal.Rptr. 660 (1977). California Civil Code § 1691 states that a
party rescinding a contract must offer to "[r]estore to the other
party everything of value which he has received from him under
the contract . . .." Cal. Civ. Code § 1691. California Civil Code
§ 1692 provides in pertinent part:

1

> If in an action or proceeding a party seeks relief based
> upon rescission, the court may require the party to whom
> such relief is granted to make any compensation to the other
> which justice may require and may otherwise in its judgment
> adjust the equities between the parties.

Cal. Civ. Code § 1692.

Plaintiffs contend that a rental value offset is

inappropriate where the non-rescinding party has materially

breached the lease, depriving the rescinding party of the value

of the leased premises. Plaintiffs assert that they did not

expect to break even for at least two years, never made a profit,

and did not receive any benefit from renting Defendants'

property.

Plaintiffs cite *McCoy v. West*, 70 Cal.App.3d at 304:

> [W]here, as here, the vendor of a business enterprise
> existing for the purpose of making a profit sells the
> business to a buyer under a contract of sale, and thereafter
> the contract of sale is rescinded on the grounds of the
> vendor's fraud, the vendor is not entitled to receive the
> reasonable rental value for the vendee's use of the business
> without proof that the vendee's profits equaled or exceeded
> the reasonable rental value. We further hold that absent
> such proof, the guilty vendor is at most entitled to the
> profits, if any, the vendee may have made in the operation
> of the business during the period that the vendee was in
> possession thereof.

Plaintiffs also cite *Pendall v. Warren*, 101 Cal.App. 407, 410

(1929):

> [T]he amount to be credited to the guilty vendor is not,
> strictly speaking, rental, for obviously there is no
> contractual relation which imposes on the vendee the
> obligation to reimburse the vendor for rent; it is only to
> the extent that the vendee has profited by the undertaking
> that he is required in good conscience to restore to the
> vendor.

Plaintiffs further cite *In re Lloyd,* 369 B.R. 549, 562-63 (Bkrtcy. N.D. Cal. 2007), *affirmed by* 572 F.3d 999 (9th Cir. 2009), which held that under California law, the party rescinding a contract need not restore value received from the other party where that value has been fully offset by other effects of the transaction.

Defendants do not offer any case law or arguments to counter Plaintiffs' contest of the rental offset based on their lack of profitability. At the hearing, Defendants asserted that Plaintiffs entered into a Forbearance Agreement with their lender, The Money Store, in which Plaintiffs agreed to continue paying rent to Defendants pending conclusion of the lawsuit. Defendants assert that Plaintiffs chose not to relinquish the premises back to Defendants, and benefitted from the forbearance of their Money Store loan.

The memorandum decision dated September 5, 2005 states:

> In exchange for Plaintiffs' agreement to continue to pay rent, The Money Store agreed under to [sic] the Forbearance Agreement to allow interest on the loan to accrue unpaid pending resolution of the case. In accordance with that agreement, Plaintiffs have not paid this interest and it continues to accrue to date.

Doc. 362, 25 n.9. Plaintiffs' initial refusal to disclose the Forbearance Agreement resulted in an order precluding Plaintiffs from obtaining any benefit from the Forbearance Agreement. Plaintiffs chose to stay on Defendants' premises, pay the rent, not mitigate their damages, and benefit from the Forbearance

Agreement. Plaintiffs cannot now claim a lack of benefit from their rent payment.

The court's original calculation of damages and credits, as set forth in the Memorandum Decision dated November 14, 2006 (Doc. 387), remains unchanged.

c)   <u>Prejudgment Interest</u>

(1)   <u>Section 3287(a); Prejudgment Interest from Rescission Date</u>

Plaintiffs request an award of prejudgment interest on the entire damages award from the date of rescission under Section 3287(a). Alternatively, Plaintiffs seek prejudgment interest on the individual components of the award that were certain.

In a diversity action, prejudgment interest is governed by state law. *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007). Plaintiffs seek prejudgment interest under California Civil Code Section 3287(a), which provides:

> Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state.

Under section 3287(a), prejudgment interest is available when "defendant actually know[s] the amount owed or from reasonably available information could the defendant have computed that

amount." *Cassinos v. Union Oil. Co.*, 14 Cal. App. 4th 1770, 1789 (1993). "Damages are deemed certain or capable of being made certain within the provisions of [§ 3287(a)] where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal.App.3d 1154, 1173 (1991). Section 3287(a) does not authorize pre-judgment interest where the amount of damages "depends upon a judicial determination based upon conflicting evidence and is not ascertainable from truthful data supplied by the claimant to his debtor." *Id.; Highlands Ins. Co. v. Cont'l Cas. Co.*, 64 F.3d 514, 521 (9th Cir. 1995).

Plaintiffs' request for prejudgment interest was previously denied by memorandum decision dated November 11, 2006. (Doc. 387, 25-28). The memorandum decision concluded that under no reasonable application of the law could the following damages be calculated by reference to a fixed standard or fixed payment schedule:

> $1,239,030 for construction costs, $589,271 for equipment, $30,000 for opening inventory, $104,176 for building and associated fees, $30,000 for the franchise fee, and $18,749 for training.

*Id.* at 27. This analysis remains unchanged.

The memorandum decision concluded that the rent and interest payments ($27,956 in construction interest and $186,394 in

interest paid) were fixed and certain, but that the rent had been offset entirely by the rental credit. The sole issue as to prejudgment interest in the November 14, 2006 memorandum decision was whether prejudgment interest could be awarded piecemeal on separate fixed and determinable components of damages. No supporting authority was provided or located, and severance of certain categories of damages was found to be inconsistent with the overall purpose of restricting prejudgment interest to cases in which a person's entitlement to recover damages is "certain, or capable of being made certain by calculation." Cal. Civil Code. § 3287(a). *Id.* at 27.

Plaintiffs argue that California law is clear that prejudgment interest shall be awarded under Section 3287(a), regardless of whether the entire award of damages meets the requirements of Section 3287(a). Plaintiffs cite two distinguishable cases, *Stein v. Southern California Edison Company*, 7 Cal.App.4th 565, 8 Cal.Rptr.2d 907 (1992), and *Bullis v. Security Pacific National Bank*, 21 Cal.3d 801 (1978). The *Stein* and *Bullis* courts awarded interest on all components of damages, but the components had different accrual dates. At issue was whether the damage components could have different vesting dates, not whether they could be calculated with certainty to be awarded separately. *See Stein*, 7 Cal.App.4th at 573 (holding that the trial court did not err in allowing prejudgment interest from

the different dates of notice); *Bullis*, 21 Cal.3d at 815
(upholding an award of interest on each of several unauthorized
withdrawals from a bank account over a four-year period, from the
date of individual withdrawal).

Plaintiffs also cite *Parker v. Maier*, 180 Cal.App.2d 630,
(1960). In *Parker*, the court awarded prejudgment interest on
expenses incurred, but not on value of services. *Id.* at 635-636.
The previous denial of prejudgment interest on the separate,
certain components was due to the lack of supporting authority.
*Parker v. Maier* provides sufficient authority to grant
prejudgment interest under Section 3287(a) on the separate
calculable components of damages. Defendants do not offer any
contrary authority or otherwise address this argument.

Plaintiffs' request for prejudgment interest is GRANTED as
to the $214,350 interest paid on the Money Store loan and DENIED
as to other unfixed components of Plaintiffs' damages award.

>                    (2)   Section 3287(a); Prejudgment Interest
>                          from November 14, 2006

Alternatively, Plaintiffs request that if the court does not
award prejudgment interest from the date of rescission,
Plaintiffs are entitled to prejudgment interest from the date of
the November 14, 2006 order fixing Plaintiffs' rescission damages
(Doc. 387), through the date of the judgment after remand.
Plaintiffs contend that damages were certain once the court
calculated them on November 14, 2006.

15

Plaintiffs cite *AT&T v. United Computer Systems, Inc.*, 98 F.3d 1206 (9th Cir. 1996):

> Where a prior judgment awarding damages has been vacated pursuant to the actions of an ultimately losing party, equitable principles favor calculating the interest in a manner that more fully compensates the prevailing party. Any other result would penalize the prevailing party, and in certain circumstances might also encourage losing parties to instigate postjudgment litigation so they can reap the benefits of a low interest rate. We see no inconsistency between this holding and the requirements of 28 U.S.C. § 1961 which provides simply that postjudgment interest be "allowed on any money judgment ... from the date of the entry of the judgment[.]"

Id. at 1211. Defendant contends that *AT&T* is distinguishable because the issue was whether to *continue* the imposition of prejudgment interest, not whether to award prejudgment interest. In *AT&T*, the claimant was entitled to prejudgment interest predating the original judgment in the district court. Defendants contend that because Plaintiffs were not previously awarded prejudgment interest in the vacated judgment, they are not entitled to continuation of such nonexistent interest.

Defendants cite *Pacific Fuel Co., LLC v. Shell Oil Co.*, 2011 WL 676898 (9th Cir. 2011), an unpublished, non-precedential case, for its conclusion that Plaintiffs are not entitled to prejudgment interest under California Rule of Court 3.1802[1] or 28

---

[1] California Rules of Court, Rule 3.1802 provides: "The clerk must include in the judgment any interest awarded by the court and the interest accrued since the entry of the verdict."

U.S.C. § 1961[2]. Plaintiffs correctly point out that their argument is based on California Civil Code § 3287(a), not the procedural Rule 3.1802, and that they are seeking pre, not post, judgment interest.

Plaintiffs cite *Kolodziey v. Kmart Corporation*, 2001 WL 1264547, *14 (Cal.App.2d Dist. 2001), for its holding that under California Civil Code Section 3287(a), damages are made certain by a jury verdict. *Kolodziey* is unpublished and cannot be cited or relied on. Plaintiffs do not provide any other authority to support their request for prejudgment interest from the November 14, 2006 memorandum decision.

Prejudgment interest is not awardable where the amount of damages "depends upon a judicial determination based upon conflicting evidence and is not ascertainable from truthful data supplied by the claimant to his debtor." *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal.App.3d 1154, 1173 (1991); *Highlands Ins. Co. v. Cont'l Cas. Co.*, 64 F.3d 514, 521 (9th Cir. 1995). Here, damages were not ascertainable until the court determined them. Prejudgment interest on Plaintiffs' entire damages award is not permissible under Section 3287(a).

Plaintiffs' request for prejudgment interest from November 14, 2006 is DENIED.

---

[2] 28 U.S.C. § 1961 imposes post-judgment interest.

(3)   <u>Section 3287(b)</u>

Alternatively, Plaintiffs move for discretionary prejudgment interest under Section 3287(b):

> Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.

Cal. Civ. Code § 3287(b). Defendants do not address Plaintiff's request for discretionary prejudgment interest under Section 3287(b) in their opposition.

Prejudgment interest is available under Section 3287(b) only for "damages based upon a cause of action in contract." *Id*. Having elected rescission, Plaintiffs' damages are not based in contract. Plaintiffs cannot receive prejudgment interest under Section 3287(b).

Plaintiffs' motion for prejudgment interest under Section 3287(b) is DENIED.

3.   <u>Judgment against New Plan</u>

Plaintiffs move for judgment against New Plan. The vacated amended judgment provided:

> Judgment as a matter of law was entered in favor of defendant NEW PLAN EXCEL REALTY TRUST, INC., and against Plaintiffs, on November 23, 2003.

Doc. 426, ¶ 3. Plaintiffs assert that judgment as a matter of law was granted to New Plan without prejudice under Paragraph 22.25 of the lease. Having elected rescission, Plaintiffs contend that

18

Paragraph 22.25[3] of the lease no longer applies to absolve New Plan of liability, and judgment must be entered against it as Excel's general partner under California Corporations Code §§ 15643(b) and 15509(1). Both these sections of the California Corporations Code have been repealed. Defendants do not address this request in their opposition.

Plaintiffs are correct that rescission of the lease cancels Paragraph 22.25 of the lease *ab initio*. As explained in the November 19, 2004 Order:

> Plaintiffs are correct in stating that rescission would void ordinary contractual clauses such as § 22.25. Once a contract is rescinded, all its provisions cease to have effect. See *Larsen v. Johannes,* 7 Cal.App.3d 491, 501 (Cal.Ct.App. 1970) (citing *Lemle v. Barry*, 181 Cal. 1, 5 (Cal.1919)). ('When a contract is rescinded, it ceases to

---

[3] Paragraph 22.25 of the lease provides:

> 22.25 <u>No Recourse Against Landlord</u>. Tenant agrees that if Landlord is a general or limited liability partnership or joint venture, or if Landlord at any time becomes a general or limited partnership or joint venture, Tenant shall not make any claims against any partner (whether general or limited) or joint venture thereof by reason of any matter arising under the terms of this Lease or arising in connection with the use or occupancy of the Premises. No personal asset of any partner (whether general or limited) in such partnership or joint venture in such joint venture shall be subject to levy, execution, attachment, or other enforcement procedures by Tenant or any successor or assignee of Tenant on account of any matter whatsoever relating to this Lease or the use or occupancy of the Premises. Consistent with the intention expressed in the preceding portion of this section, and notwithstanding anything to the contrary contained in this Lease, Tenant agrees that in all events it shall look solely to the estate and property of Landlord in the Premises, regardless of whether the entity constituting Landlord is a corporation, partnership, limited liability company, joint venture, trust, individual or otherwise, for the collection of any judgment or other judicial process requiring the payment of money by Landlord with respect to any of the terms, covenants, or conditions of this Lease, and no other property or assets of Landlord shall become subject to levy, execution, attachment or other enforcement procedures for the satisfaction of Tenant's remedies.

Doc. 504-1, 22-23.

1
2
3
4
5
6
7
8

> exist. If the action to rescind or an action based on an alleged rescission or abandonment is successful, the contract is forever ended and its covenants cannot thereafter be enforced by any action'). In an unpublished state court opinion, an analogous question was posed: 'The issue presented is elemental - may a defendant resist an action for rescission by relying on a liquidated damages provision of the contract the plaintiff is seeking to rescind? The answer is equally simple - no.' *BTS, Inc. v. Sonitrol Corp. of Contra Costa,* No. 1093591, 2002 WL 234889 (Cal.App. 1 Dist., Feb. 19, 2002) ('rescinded contract is an extinguished contract meaning that it has ceased to exist and none of its provisions can be enforced by any party').

9   Doc. 353, 41-42. The limitations of the rescinded and no longer

10   applicable and enforceable lease are without effect. Rescission

11   is applicable to the entire lease under California law. Section

12   22.25 no longer shields New Plan from liability as a matter of

13   law. Under California law, "all partners are liable jointly and

14

15   severally for all obligations of the partnership unless otherwise

16   agreed by the claimant or provided by law." Cal. Corp. Code §

17   16306.

18        Plaintiffs' motion for judgment against New Plan is GRANTED.

19                          IV.   CONCLUSION

20   For the reasons stated:

21
22     1. Defendant's motion to strike is DENIED.

23     2. Plaintiff's request for entry of judgment of rescission and

24        for prejudgment interest is GRANTED in part and DENIED in

25        part, as follows:

26          a. Plaintiffs are entitled to an award of $2,142,175 for

27             damages in rescission:

28

| | |
|---|---|
| $1,239,030 | Construction Costs |
| $   589,271 | Equipment Expenditures |
| $    30,000 | Opening Inventory for Restaurant |
| $   104,176 | Building & Related Fees |
| $    30,000 | Franchise Fee |
| $    18,749 | Training of Modesto Staff |
| $    27,956 | Construction Interest |
| $   372,575 | Rent Paid to Excel |
| $   186,394 | Interest Paid After Opening |
| ($   434,716) | Credit for Rent Paid/Owed to Excel |
| ($    10,000) | Credit for Rental Income Credit |
| ($    11,260) | Credit for Equipment Sale |
| $2,142,175 | TOTAL |

b. Plaintiffs' request for prejudgment interest is GRANTED
as to the $214,350 interest paid on the Money Store
loan ($27,956 in construction interest and $186,394 in
interest paid after opening) and DENIED as to the other
unfixed components of Plaintiffs' damages award.

3. Plaintiffs shall submit a proposed form of order consistent
with this memorandum decision within five (5) days following
electronic service of this memorandum decision.

SO ORDERED.

DATED: July 5, 2011

                                    /s/ Oliver W. Wanger
                                   Oliver W. Wanger
                                   United States District Judge

21