

```
                    UNITED STATES DISTRICT COURT

                FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| FLAGSHIP WEST, LLC, a California limited liability company, MARVIN G. REICHE, and KATHLEEN REICHE,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>EXCEL REALTY PARTNERS, L.P., a Delaware limited liability partnership, and NEW PLAN EXCEL REALTY TRUST, INC., a Maryland corporation, et al.,<br><br>　　　　Defendants. | 1:02-cv-5200 OWW DLB<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO RECONSIDER MEMORANDUM DECISION AND ORDER DATED JULY 5, 2011<br><br>(DOC. 530, 532) |

## I.   INTRODUCTION

Before the court are (1) Excel Realty Partners, L.P.'s and New Plan Excel Realty Trust, Inc.'s (together, "Defendants") motion to reconsider the memorandum decision and order dated July 5, 2011 ("Memorandum Decision") (Doc. 530), and (2) Defendants' opposition to Plaintiffs' proposed judgment (Doc. 532). Both motions are opposed (Docs. 536, 533), and were heard August 22, 2011.

## II.   BACKGROUND

On February 28, 2011, Plaintiffs filed a request for entry of judgment of rescission and for prejudgment interest. Doc. 518. On March 17, 2011, Defendants filed a motion to strike

Plaintiffs' request for entry of judgment of rescission and request for prejudgment interest. Doc. 523. Both motions were opposed, and were heard May 23, 2011.

The Memorandum Decision dated July 5, 2011 (Doc. 529) denied Defendants' motion to strike and granted in part and denied in part Plaintiffs' request for entry of judgment of rescission and for prejudgment interest. The Memorandum Decision awarded Plaintiffs $2,142,175 for damages in rescission, as follows:

| | |
|---|---|
| $1,239,030 | Construction Costs |
| $ 589,271 | Equipment Expenditures |
| $ 30,000 | Opening Inventory for Restaurant |
| $ 104,176 | Building & Related Fees |
| $ 30,000 | Franchise Fee |
| $ 18,749 | Training of Modesto Staff |
| $ 27,956 | Construction Interest |
| $ 372,575 | Rent Paid to Excel |
| $ 186,394 | Interest Paid After Opening |
| ($ 434,716) | Credit for Rent Paid/Owed to Excel |
| ($ 10,000) | Credit for Rental Income Credit |
| ($ 11,260) | Credit for Equipment Sale |
| $2,142,175 | TOTAL |

The Memorandum Decision granted Plaintiffs' request for prejudgment interest as to the $214,350 interest paid on the Money Store loan ($27,956 in construction interest and $186,394 in interest paid after opening) from the rescission date, and denied Plaintiffs' request for prejudgment interest as to the other unfixed components of Plaintiffs' damages award. The Memorandum Decision instructed Plaintiffs to submit a consistent proposed form or order, which Plaintiffs filed on July 11, 2011. Doc. 531.

### III. MOTION FOR RECONSIDERATION

#### A. Legal Standard

Defendants' motion for reconsideration was filed July 7, 2011, two days after the Memorandum Decision was published. A motion for reconsideration filed within twenty-eight days of a judgment is treated as a Rule 59(e) motion. Fed. R. Civ. P. 59(e); see *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (applying Rule 59(e)'s ten-day deadline, before its 2009 expansion to twenty-eight days). Amending a judgment after its entry is "an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A motion for reconsideration under Rule 59(e) is properly granted where the district court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there was an intervening change in controlling law." *Id.*; *School Dist. No. 1J v. AC & S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A reconsideration motion is properly denied where it merely presents arguments previously raised in the prior motion or opposition. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Local Rule 230(j) of the United States District Court, Eastern District of California provides:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made

upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
   (1) when and to what Judge or Magistrate Judge the prior motion was made;
   (2) what ruling, decision, or order was made thereon;
   (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
   (4) why the facts or circumstances were not shown at the time of the prior motion.

B.   Discussion

Defendant moves for reconsideration of the award of $589,271.00 in rescission damages for equipment expenditures. The Memorandum Decision's grant of rescission damages was based on the damages in the November 14, 2006 Order. Doc. 387. Defendant points out that the court amended its November 14, 2006 Order on May 30, 2007:

> Excel's motion is GRANTED to the extent the November 14, 2006 Order states: "It is most reasonable to award Plaintiffs the lower, but better-documented $589,271 in rescission damages for equipment, less any offset for salvage." The Court intended to award $581,526 in rescission damages for equipment, less any offset [the $11,260.00] for salvage." The November 14, 2004 Order should have stated: "It is most reasonable to award Plaintiffs the lower, but better documented $581,526 in rescission damages for equipment, less any offset for salvage."

Doc. 424, 34. The award of $589,271.00 in rescission damages for equipment expenditures in the Memorandum Decision was clearly erroneous, and should have reflected the court's May 30, 2007

order. The Memorandum Decision should have awarded "$581,526 in rescission damages for equipment, less any offset for salvage."

Defendants' motion for reconsideration is GRANTED.

### IV.   OPPOSITION TO PROPOSED JUDGMENT

#### A.   Equipment Damages

Defendants repeat the objection to the award of rescission damages for equipment expenditures. As stated above, the amount of rescission damages for equipment expenditures in the judgment should be "$581,526 in rescission damages for equipment, less any offset for salvage."

#### B.   Date of Prejudgment Interest

Defendants contest Plaintiff's proposed date of rescission, April 4, 2001. The Memorandum Decision granted prejudgment interest on the $214,350 paid on the Money Store loan from the rescission date. Doc. 529, 15. Plaintiffs submitted a proposed judgment granting "pre-judgment interest on $214,350, at the rate of $58.73 per day, from and after April 4, 2001 through the date of judgment . . .." Doc. 531, 2.

Plaintiffs contend that Defendants have never contested the date of rescission throughout ten years of litigation, and waived it by failing to present it in opposition to Plaintiffs' request for entry of judgment. The date of rescission, however, was not at issue in Plaintiffs' request for entry of judgment.

Defendants contend that prejudgment interest should run from November 14, 2006, not April 4, 2001. Defendants contend that

5

because Defendants did not know, and could not calculate the amount due for Plaintiffs' interest payments prior to the court's November 14, 2006 order, prejudgment interest should begin on November 14, 2006. Defendants once again attempt to reargue their opposition to Plaintiffs' request for prejudgment interest. Defendants do not present newly discovered evidence, show that the Memorandum Decision is clearly erroneous or manifestly unjust, or point to any intervening change in controlling law. *See Allstate Ins. Co. v. Herron*, 634 F.3d at 1111. Defendants' argument will not be reconsidered. Prejudgment interest on Plaintiffs' interest payments does not accrue from November 14, 2006.

Defendants contend that April 4, 2001 is irrelevant to the issue of prejudgment interest because Plaintiffs never made an unconditional demand for rescission on April 4, 2001. Plaintiffs rejoin that Trial Exhibit 30, Plaintiffs' rescission notice, establishes the rescission date as April 4, 2001.

Under California law, rescission of a contract is accomplished by giving notice of the rescission and offering to restore everything of value which the rescinding party has received "or offer[ing] to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so." Cal. Civ. Code § 1691. "When notice of rescission has not otherwise been given or an offer to restore

the benefits received under the contract has not otherwise been made, the service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice or offer or both." *Id.* "When a party gives notice of rescission, it has effected rescission, and any subsequent judicial proceedings are for the purpose of confirming and enforcing that rescission." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1322 (9th Cir. 1998).

On April 4, 2001, Plaintiffs' counsel sent Defendant a letter containing the following notice of rescission:

> Flagship West demands that New Plan agree to remedy the damages caused by its willful breaches. Flagship West demands rescission of the lease, and to that end, Flagship West has paid rent through March 31, 2001 and is willing to tender rent due through the date of rescission, in return for reimbursement by New Plan to Flagship West of all damages which Flagship West has incurred. These damages include rents paid to New Plan, costs of constructing the building and other improvements, equipment costs, franchise payments, the balance owing to Flagship West's lender and other consequential and incidental damages. Alternatively, Flagship West demands that New Plan immediately acknowledge that the Lease is canceled and that New Plan pay the current balance owing to the lender and reimburse Flagship West for its losses and out-of-pocket costs.

Doc. 518-5, Ex. 23. The April 4, 2001 letter does not offer to restore Defendants' property and benefits received under the lease, as California Civil Code § 1691(b) requires. Service of a pleading seeking relief based on rescission, however, will be deemed "notice or offer or both." Cal. Civ. Code § 1691(b). On April 27, 2001, Plaintiffs filed and served on Defendants a

7

Complaint seeking rescission. Doc. 1, ¶¶ 1-2. Under California Civil Code § 1691, the date of service of Plaintiffs' Complaint, April 27, 2001, is the date of rescission.

Defendants' opposition to the date of rescission is DENIED. Prejudgment interest on the $214,350 paid on the Money Store loan shall accrue from April 27, 2001.

V.   CONCLUSION

For the reasons stated:

1. Defendants' motion for reconsideration is GRANTED.

2. Defendants' objection to Plaintiffs' proposed judgment is GRANTED in part and DENIED in part, as follows:

   a. GRANTED as to the amount of rescission damages for equipment; and

   b. DENIED as to the date of rescission. Prejudgment interest on the $214,350 paid on the Money Store loan shall accrue from April 27, 2001.

3. Plaintiffs shall submit an amended proposed form of judgment consistent with this memorandum decision within five (5) days following electronic service of this memorandum decision.

SO ORDERED.

DATED: 9-7-11

Oliver W. Wanger
United States District Judge