# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLAGSHIP WEST, LLC, et al., | CASE NO. CV F 02-5200 LJO DLB |
| Plaintiffs, | **ORDER ON DEFENDANTS'** |
| vs. | **MOTION FOR SUPERSEDEAS BOND** (Doc. 553.) |
| EXCEL REALTY PARTNERS, L.P., et al., | |
| Defendants. | |
| _____/ | |

## INTRODUCTION

Defendants Excel Realty Partners, L.P. and New Plan Excel Realty Trust, Inc. (collectively "defendants") seek this Court's approval of their proposed $4.4 million supersedeas bond ("bond") and a stay of enforcement of judgment in favor of plaintiffs Flagship West, LLC, Mavin Reiche, and Kathleen Reiche (collectively "plaintiffs"). Plaintiffs raise limited objections to the bond's form. This Court considered defendants' motion to approve the bond and to stay enforcement of judgment on the record without a hearing. For the reasons discussed below, this Court ORDERS defendants to resubmit a proposed bond in compliance with this order.

## BACKGROUND

On September 28, 2011, this Court entered a $2,358,146.68 judgment in favor of plaintiffs and against defendants. Plaintiffs have filed a bill of costs seeking $74,646.42 and a motion seeking attorney

1

fees of more than $1 million. Defendants have appealed the judgment and seek approval of the bond and a stay of enforcement of the judgment.

## DISCUSSION

F.R.Civ.P. 62(d) provides: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond takes effect when the court approves the bond." A "party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed.R.Civ.P. 62(d)." *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 87 S.Ct. 1, 3 (1966). "Under Fed.R.Civ.P. 62(d), an appellant may obtain a stay as a matter of right by posting a supersedeas bond acceptable to the court." *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977).

"District courts have inherent discretionary authority in setting supersedeas bonds; review is for an abuse of discretion." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505, n. 1 (9th Cir. 1987); *see Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir.1986). "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required." *Rachel*, 831 F.2d at 1505, n. 1.

The "amount of the bond should be sufficient to pay the judgment *plus* interest, costs and any other monetary relief (e.g., attorney fees) the appellate court may award." 1 Goelz & Watts, *Rutter Group Practice Guide: Federal Ninth Circuit Civil Appellate Practice* (2011) Preliminary Considerations, ¶ 1:168, p. 1-38 (italics in original). Local Rule 151(d) provides that "a supersedeas bond shall be 125 percent of the amount of the judgment unless the Court otherwise orders."

Defendants note that their $4.4 million proposed bond is 186 percent of the judgment to well exceed the judgment "plus the amounts claimed by Plaintiffs for costs and attorneys' fees." Plaintiffs do not quibble with the bond's amount. As such, a $4.4 million bond is acceptable.

Plaintiffs raise limited objections to the bond's form. Plaintiffs complain that the bond's page two fails to include plaintiffs' specific names as appellees. However, the bond's first paragraph identifies "Appellees, Flagship West LLC, Marvin G. Reiche, and Kathleen Reiche" to identify "Appellees" and avoid confusion.

Plaintiffs object that the bond lacks a justification pursuant to a form it cites. However, plaintiffs

fail to note the attached power of attorney which, in this case, satisfies justification purposes.

Plaintiffs object that the bond lacks language to comply with Local Rule 151(f) that "the corporate surety is in compliance with the provisions of 31 U.S.C. §§ 9304-06." Plaintiffs' objection is well taken, and the bond needs to comply with Local Rule 151(f).

Plaintiffs object that the bond indicates that it is subject to federal law only and does not include "state law." Plaintiffs' objection is well taken, and the bond needs to include that it "is subject to all applicable state and federal law."

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court ORDERS defendants, no later than November 3, 2011, to file and serve either:

1. A proposed supersedeas bond which adds that: (a) the corporate surety is in compliance with 31 U.S.C. §§ 9304-06; and (b) the bond is subject to all applicable state and federal law; or

2. A statement showing good cause why defendants are unable to add such statements.

This Court FURTHER ORDERS plaintiffs not to execute on the judgment, unless this Court orders otherwise.

IT IS SO ORDERED.

**Dated:    October 27, 2011                    /s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE